124 A.3d 235

IN THE MATTER OF RICHARD M. ROBERTS, AN ATTORNEY AT LAW (ATTORNEY NO. 261581971).

November 4, 2015.

**ORDER**

The Disciplinary Review Board having filed with the Court its decision in DRB 14–435, concluding that **RICHARD M. ROB-ERTS** of **NEWARK,** who was admitted to the bar of this State in 1971, should be suspended from the practice of law for a period of three months for violating *RPC* 1.16(d) (failure to return unearned fee retainer on termination of the representation) and *RPC* 8.1(b)

(failure to reply to a lawful demand for information from a disciplinary authority);

And the Disciplinary Review Board having further determined that prior to reinstatement to the practice of law, respondent should be required to provide proof of his fitness to practice law and to complete a course in law office management, and that after reinstatement, respondent should be required to practice law under supervision;

And good cause appearing;

It is ORDERED that **RICHARD M. ROBERTS** is suspended from the practice of law for a period of three months, effective December 4, 2015, and until the further Order of the Court, and it is further

ORDERED that prior to reinstatement to the practice of law, respondent shall submit proof of his fitness to practice as attested to by mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that prior to reinstatement, respondent shall successfully complete a course in law office management approved by the Office of Attorney Ethics and submit proof of his completion thereof to the Office of Attorney Ethics; and it is further

ORDERED that following respondent's reinstatement to the practice of law, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics until the further Order of the Court; and it is further

ORDERED that respondent shall comply with the Order of the Court filed October 26, 2015, (D–14–15; 076669), that ordered respondent to comply with the Stipulation of Settlement entered into before the District VA Fee Arbitration Committee in District Docket No. VA–2014–0023F; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.